## CHUEY v VULETICH

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 29, 1935

R. L. Thomas, Youngstown, and J. S. Cooper, Youngstown, for plaintiff in error.
Wm. R. Stewart, Youngstown, for defendant in error.

that the court erred in overruling the motion of the plaintiff in error to direct a verdict at the close of the testimony of the plaintiff below. Two motions were made to this effect by the defendant, the first at the time the plaintiff below rested his case in the first instance, and the second, subsequent to the permitting of the plaintiff to reopen his case for the purpose of permitting the plaintiff to introduce further testimony, in which the court sustained plaintiff's motion to withdraw a juror and continue the cause. As to the first motion, the court, in the exercise of a sound discretion, may permit the reopening of a case and citations of authorities are unnecessary to this effect. We hold there was no abuse of discretion on the part of the trial court in the first instance, in permitting the plaintiff to reopen his case and introduce further testimony, and this is true even though a motion for a directed verdict has been made. See **Hackman v Cedar, 13 O. C.C., p. 618,** the first paragraph of the syllabi being as follows:

"It rests in the sound discretion of the trial court to allow the plaintiff to introduce further testimony after he has rested and the defendant has moved to arrest the evidence and for judgment in his favor."

After plaintiff was permitted to reopen his case, additional testimony was offered, and at the conclusion of this additional testimony the plaintiff again rested and the defendant again moved for a directed verdict on the grounds that the plaintiff had failed to prove the defendant guilty of any negligence and failed to show any agency existing between the driver of a certain car which injured the plaintiff and John Chuey, the defendant in this action. It will be observed that the court overruled defendant's motion for a directed verdict at the time plaintiff first rested his case. Apparently the court was of the opinion at that time that there was evidence to go to the jury. After the further submission of evidence in the case the court again overruled the motion of defendant for a directed verdict; however, not until after he had passed favorably upon a motion made by the plaintiff to withdraw a juror and continue the cause. The sustaining of this motion meant the dismissal of the jury that was then trying the case, and continued the case to be tried to another jury later. So, as the record then stood, both motions made by counsel for the defendant for a directed verdict were over-

## OPINION

By CARTER, J.

Now, it is the claim of plaintiff in error

ruled, permission given counsel for plaintiff to withdraw a juror and continue the case and the matter still stands for trial in the court below to another jury. Is there a final order in this case upon which an error proceeding can be predicated?

We have been cited to the case of **The Jacob Laub Baking Co. v Middleton, 118 Oh St, 106,** and a reading of the syllabi would indicate that such a proceeding might be proper. However, we must read and consider the syllabi in the case in connection with the facts involved. The syllabi in the case of Baking Company v Middleton, supra, is as follows:

"1. Where after the parties have introduced their evidences and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of §11586, GC. After such submission and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant.

2. When the proof of the essential facts put in issue and the reasonable inferences deducible therefrom are such that the jury as fair minded men, should reasonably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains.

3. In such a case, where a motion for a directed verdict has been refused or sustained, the party aggrieved may seek a reversal or a final judgment in the reviewing court, if the whole evidence has been embodied in a bill of exceptions.

4. The refusal of a trial court to direct a verdict for a defendant, and its dismissal of the cause without prejudice, determines that action and prevents a judgment in favor of defendant; this constitutes a final order within the purview of §12258, GC, and is reviewable on error."

It will be observed that in this case the court say in its syllabi, "After such submission and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant." Of course, in the case at bar there was no announcement of the court favorable to the defendant, and in order to prosecute error there must be a final order entered by the court. In the Baking Company case, the defendant made a motion for a directed verdict. This motion

was sustained and thereupon counsel for plaintiff moved for a dismissal without prejudice and this motion was sustained by the court, which was a final order, while in the case at bar both motions for a directed verdict on behalf of defendant were overruled, and the court, on motion of the plaintiff, permitted the withdrawal of a juror and a continuance of the case, so it is clear that these cases are not parallel.

Now, was there error on the part of the court in disposing of the motion of plaintiff to withdraw a juror and continue the case prior to the disposition of the motion made by counsel for the defendant for a directed verdict? These two motions were disposed of in practically the same breath by the court, using this language, "Yes, I think I will sustain his motion and overrule yours," meaning thereby to sustain the motion of plaintiff to withdraw a juror, and overruling defendant's motion for a directed verdict.

In the case of **The Parsch Lumber Company v McGrath, 37 Oh Ap p. 37,** the fourth paragraph of the syllabi is as follows:

"Withdrawal of juror and continuance of case after overruling motion for directed verdict held not final order, hence not reviewable on error."

In this case the court first disposed of defendant's motion for a directed verdict, while in the case at bar the motion of plaintiff to withdraw a juror was sustained before the overruling of the motion of defendant for a directed verdict.

As the case now stands, is there a final order as contemplated in §12258 GC? Had the court overruled defendant's motion for a directed verdict prior to the sustaining of the motion of plaintiff to withdraw a juror, then our case would be on all fours with the Parsch Lumber Company case, supra. The fact that the motion for a directed verdict on behalf of defendant was made subsequent to the sustaining of the motion of plaintiff for the withdrawal of a juror, does that change the status of the case?

Relative to the question of preference in the determination of motions, very little is to be found dealing with this particular question. The general rule seems to be that in the absence of a statute or rule of court, it rests in the discretion of the court as to preference to be given to motions before it.

We have examined the statutes and find no statutory provision in this state dealing with this subject. Neither have there been

any rules of court presented to this court. Therefore, we conclude it was not error on the part of the court in his disposing of plaintiff's motion prior to the disposition of the motion of defendant. There is nothing in the disposition of the defendant's motion to indicate why the court overruled the defendant's motion for a directed verdict. Some remarks were passed between counsel relative to the status of the case, which might to some extent indicate that the court was of the opinion that there was no evidence to sustain plaintiff's claim in his petition. However, he did not say so at the time and it is to be borne in mind that before the case was reopened the court overruled the motion made by the defendant for a directed verdict, and it must have concluded at that time that there was some evidence to go to the jury, and if there was evidence to go to the jury at that time, then certainly in the introduction of further testimony on the part of the plaintiff in the reopening of the case, there would scarcely be less evidence to present to the jury. Had the court sustained defendant's motion for a directed verdict and then permitted plaintiff to withdraw a juror and continue the case, we might have a different proposition before us, for then there would have been a final order upon which error might have been prosecuted to this court, but on the overruling of the motion it is the holding of this court that there was not a final order. That being the case, the prosecution of error to this court is premature, and for that reason the petition of plaintiff in error is dismissed and the cause remanded.

ROBERTS and NICHOLS, JJ, concur.